**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FIRST CREDIT CARD CORP.,**

          **Plaintiff,**

-vs-                                                    **Case No. 6:08-cv-1974-Orl-31GJK**

**GLOBAL ELECTRONIC TECHNOLOGY, INC.,**

          **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Transfer Venue (Doc. 6) filed by the Defendant, Global Electronic Technology, Inc. ("Global"), the response (Doc. 9) filed by the Plaintiff, First Credit Card Corp. ("First Credit"), and the reply (Doc. 16) filed by Global.

Both parties are in the business of processing credit card transactions for merchants. (Doc. 1 at 2). Plaintiff's principal place of business is in Orange County, Florida, and the Defendant's principal place of business is in Orange County, California. (Doc. 1 at 1). There is some dispute about the details of the relationship, but it appears that about three years ago, the parties combined their customers' transactions for processing under Global's account with a third-party bank. (Doc. 1 at 2-3). A dispute involving the processing of transactions for one of First Credit's customers resulted in the parties entering into an agreement – the "Settlement Agreement" – in February 2008. (Doc. 1 at 3).

On November 11, 2008, First Credit filed the instant suit, claiming that Global had breached the Settlement Agreement by failing to pay money it owed to First Credit and by

improperly increasing the fees it was passing on to First Credit (Count I), and by tortiously interfering in the existing contractual relationships (Count II) or advantageous business relationships (Count III) between First Credit and its merchant customers. (Doc. 1 at 4-9).[1]

Global's request for a change of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Global contends (and First Credit does not dispute) that the instant action could have been brought in the Central District of California, where Global has its principal place of business, because (among other things) the parties negotiated the Settlement Agreement and entered into it there. Global contends that the case should be transferred to the Central District of California because "all of the Plaintiff's claims against Global" relate to the Settlement Agreement, because "all of the allegedly wrongful conduct of Global giving rise to the Complaint" occurred in California, and because "the majority of witnesses and key documents" in this case are located in California. (Doc. 6 at 2). First Credit responds that the majority of *its* documents are located here in the Middle District of Florida, and that the likely witnesses are based in numerous locations throughout the United States. (Doc. 9 at 4).

The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference, meaning that in the usual Section 1404(a) situation, the burden is on the movant to establish that its suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989). Whether a transfer is appropriate depends on two inquiries: (1) whether the action might

---

[1] First Credit also sought declaratory relief (Count IV), the precise details of which are not pertinent to this venue dispute.

have been brought in the proposed transferee court and (2) whether various factors are satisfied so as to determine that a transfer to a more convenient forum is justified. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F.Supp.2d 1292, 1300 (S.D.Fla. 2002). In considering whether a transfer is appropriate, the courts traditionally consider such factors as (1) the convenience of the parties; (2) convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to secure the presence of unwilling witnesses; (5) the cost of obtaining the presence of unwilling witnesses; and (6) the public interest. *Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F.Supp.2d 1186 (S.D.Fla. 2003).

In the instant case, neither party provides much support for the proposition that evidence or witnesses at its location is more likely to be required for trial than evidence or witnesses at the other party's location. For example, Global contends that it has more senior employees at its California office than First Credit has at its offices in Florida (Doc. 16 at 6), but fails to explain how many of them would likely be required at trial, or why. The same holds true for the availability of process to secure witness, the cost to do so, and the public interest: neither party provides a basis for considering one of the potential venues significantly more convenient than the other on these scores. Similarly, Global's argument that the docket in this district is extremely busy is unpersuasive. Even if this is a proper consideration under Section 1404(a), there is no indication that the docket here is significantly more busy than that in California.

The one issue tending to support a transfer is the health of Global's "most senior executive," Steve Bryson, who is suffering from End Stage Liver Disease and who may be receiving a liver transplant. The Court sympathizes with Bryson's situation and the likely restrictions on his ability to travel. However, modern discovery methods, such as videotaped

-3-

depositions, make it possible to preserve his testimony. As such, his possible inability to attend a trial in Orlando is not enough to overcome the Plaintiff's choice of forum for purposes of 28 U.S.C. § 1404(a). Accordingly, it is hereby

**ORDERED** that the Motion to Transfer Venue (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 25, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party